**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Criminal Case No. 77-80818
                              Miscellaneous Case No. 11-50728

MARANDY EDWARDS,

    Defendant.
                                  /

**OPINION AND ORDER DENYING "MOTION TO SET ASIDE CONVICTION"**

Defendant Marandy Edwards was convicted of forgery of bonds and aiding and abetting in 1978, and now moves the court to expunge the record of her criminal conviction. No response from the Government or argument is necessary, *see* E.D. Mich. LCrR 12.1(a); E.D. Mich. LR 7.1(f)(2), as the court is without jurisdiction to entertain the motion.

**I. BACKGROUND**

Defendant was convicted in this court of forgery of bonds, 18 U.S.C. § 495, and of aiding and abetting, 18 U.S.C. § 2(a), after a jury trial in May and June 1978. On July 21, 1978, Defendant received a suspended sentence and two years' probation and was required to perform 200 hours of community service. On May 6, 1980, the court relieved Defendant of the community service obligation.

Defendant was not heard from again for thirty-one years. Then, on June 15, 2011, Defendant, through counsel, filed her "Motion to Set Aside Conviction." The motion, just over one page long, does not cite 28 U.S.C. § 2255 or otherwise collaterally

attack her conviction. Instead, Defendant avers that: she successfully completed probation; no other application to set aside a conviction has been filed; more than five years have passed since the conclusion of her term of probation; no other charges are pending against her; she has not been convicted of another crime; and she is employed and also works in her church. The list of averments make it plain that Defendant has fashioned her motion consistent with Michigan's expungement statute. *See* Mich. Comp. Laws § 780.621(3)-(4).[1] The court therefore construes the motion as a motion to expunge. *See generally United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (discussing differences between expungement and vacatur of conviction).

## II. DISCUSSION

Before reaching the merits of the motion, the court must ensure that it has jurisdiction to provide the relief Defendant requests. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). A federal court's resolution of a federal criminal matter is not governed by state law, *cf. United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994) ("[S]tate law does not control the federal court's decision to admit evidence seized by state law enforcement officers."); *United States v. Anderson*, 562 F.2d 394, 396 (6th Cir. 1977) (observing that a federal court is not controlled by jury-selection method

---

[1] The statute uses the language "set aside" and not "expunge," but Michigan courts recognize that the purpose of the statute is expungement. *See, e.g.*, *Maldonado v. Ford Motor Co.*, 719 N.W.2d 809, 813 n.6 (Mich. 2006); *People v. Jadidnouri*, No. 293560, 2010 WL 4259610, at *5 (Mich. Ct. App. Oct. 28, 2010); *People v. Van Heck*, 651 N.W.2d 174, 175 (Mich. Ct. App. 2002).

prescribed by state law), and therefore Defendant's appeal to the elements of the statute governing the expungement of Michigan convictions is unavailing. And while several federal statutes provide for expungement of certain types of records in limited circumstances, *see, e.g.*, 18 U.S.C. § 3607(c) (allowing expungement of conviction for possession under Controlled Substances Act when offender received probation under § 3607(a) and was under the age of twenty-one at the time of offense); 42 U.S.C. § 14132(d) (providing for expungement of DNA records from FBI index when person's qualifying conviction is overturned), Defendant does not cite any of these provisions, and none are applicable to a motion to expunge, such as this one, which relies primarily on the lawfulness and general good behavior of Defendant since her conviction.

Two recent, published Sixth Circuit cases, issued by different panels, considered the district court's jurisdiction to resolve an expungement motion not brought under a federal expungement statute. In *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010), the court affirmed the denial of a motion to expunge the defendant's criminal conviction after a guilty plea. Section II of the opinion, entitled "Jurisdiction," states in full: "The district court had subject matter jurisdiction under 28 U.S.C. § 1331 because Carey raised constitutional claims in support of his Motion for Expungement. This Court has jurisdiction under 28 U.S.C. § 1291 to review the final decision of the district court on Carey's motion for expungement." *Id.* at 739. Twice more in the opinion, the court stated that "[a]n order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district court." *Id.* at 740, 41. Both times, the court cited *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977).

Approximately three months later, a different panel issued *United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010).  In *Lucido*, the defendant sought "to expunge all records of [district court] proceedings held by the FBI" following his acquittal on money-laundering charges.  *Id.* at 873.  A divided panel vacated and remanded the district court's denial of the motion to expunge on the merits, concluding that the court lacked subject-matter jurisdiction to resolve the motion.  First, the court found that neither 18 U.S.C. § 3231, the statute providing for original jurisdiction over criminal offenses, nor any other federal statute lent a source of jurisdiction.  *Id.* at 873-74.  The court then addressed whether "ancillary jurisdiction" pursuant to § 3231 existed and, relying on the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), held that it did not.  *Id.* at 874-75.

The *Lucido* court rejected *Doe* as controlling precedent, reasoning that its "one sentence . . . not[ing] (without citation) that '[i]t is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case'" cannot be reconciled with *Kokkonen*, which postdates *Doe* and therefore "overrules" it.  *Id.* at 876 (second alteration in original) (quoting *Doe*, 556 F.2d at 393).  *Lucido* also cast aside *Carey* because "[t]he opinion cited only *Doe* for [the] proposition" that a district court has equitable jurisdiction to order expungement: *Carey* contained "no further discussion of the point, let alone a reference to *Kokkonen* or an analysis of its application to expungement motions"; neither had the *Carey* parties' briefs "cited *Kokkonen*, discussed ancillary jurisdiction or otherwise challenged the court's power to consider" *Carey*'s expungement motion.  *Id.*  In the eyes of the *Lucido* panel, the *Carey* court's assertion of jurisdiction with only token discussion did not constitute binding precedent,

4

as "[c]ases implicating issues that 'merely lurk in the record, neither brought to the attention of the court nor ruled upon,' do not establish binding precedent on the unexamined point." *Id.* at 876 (quoting *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006)).

A dissenting panel member expressed disagreement with the holding of *Carey*, but argued that it nonetheless constituted binding precedent under Sixth Circuit Rule 206(c). *Id.* at 878-79 (Batchelder, C.J., dissenting); *see* 6th Cir. R. 206(c) ("Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court."). The dissent eschewed the majority's characterization of subject-matter jurisdiction as an issue not clearly presented or considered in *Carey*, observing that federal courts are under an obligation to consider that issue regardless of whether it is raised. *Id.* at 878. The dissent further noted that a Supreme Court proposition relied upon by the majority—"drive-by jurisdictional rulings . . . have no precedential effect," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998), *quoted in Lucido*, 612 F.3d at 876 (majority opinion)—was not an interpretation of Rule 206(c) and provides no basis for avoiding *Carey*. *Id.* at 878-79 (Batchelder, C.J., dissenting).

There is no doubt that *Lucido* and *Carey* are likely contradictory. As a general proposition, the court would normally be bound to follow *Carey*, the earlier decision. *See United States v. Tate*, 516 F.3d 459, 467 (6th Cir. 2008); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 821-22 (6th Cir. 2000). *See generally McMellon v. United States*, 387 F.3d 329, 332-33 (4th Cir. 2004) (en banc) (collecting cases and finding majority of

5

circuits follow rule that earlier panel decision controls). Here, however, the Sixth Circuit in *Lucido* already determined that *Carey* is not controlling precedent on the jurisdictional issue confronted here. *Lucido*, 612 F.3d at 876. Although the *Lucido* dissent presents a persuasive argument as to why this decision was contrary to Sixth Circuit law, *see id.* at 878 (Batchelder, C.J., dissenting), this court is nevertheless bound by the majority's holding that *Carey* does not conflict with its ruling.

For this reason, the court must follow *Lucido* and deny Defendant's motion for lack of jurisdiction. *Accord United States v. Polanski*, No. 1:98 CR 034, 2011 WL 2111800, at *1 (N.D. Ohio May 26, 2011) ("[T]he recent decision in *United States v. Lucido*[] abrogated *Doe* and *Carey*."); *United States v. Childs*, No. 2:93-CR-80302, 2011 WL 768068, at *1 (E.D. Mich. Feb. 28, 2011) ("*United States v. Lucido supercedes* [*Doe* and *Carey*] and held that the relevant language in both *Doe* and *Carey* was merely dicta."). *But see United States v. Johnson*, No. 6-CR-261, 2012 WL 2135627, at *2 (S.D. Ohio June 12, 2012) ("[T]his Court agree[s] with Judge Batchelder . . . that it [is] bound by prior Sixth Circuit precedent, namely *Doe* and *Carey*, since the *Lucido* court did not have the authority to overrule a prior panel decision, and *Kokkonen* was not on point.").

6

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's "Motion to Set Aside Conviction" [Dkt. # 2] is DENIED.

                                          s/Robert H. Cleland  
                                          ROBERT H. CLELAND  
                                          UNITED STATES DISTRICT JUDGE

Dated: September 20, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 20, 2012, by electronic and/or ordinary mail.

                                          s/Lisa Wagner  
                                          Case Manager and Deputy Clerk  
                                          (313) 234-5522